1  EDMUND G. BROWN JR
       Attorney General
2      of the State of California
   J. MATTHEW RODRIQUEZ
3      Chief Assistant Attorney General                JS 6
   KEN ALEX
4      Senior Assistant Attorney General
   SARAH E. MORRISON (State Bar No. 143459)
5  OLIVIA W. KARLIN (State Bar No. 150432)
       Deputy Attorneys General
6  300 S. Spring Street, Ste. 1702
   Los Angeles, CA 90013
7  Telephone: (213) 897-2640
   Fax: (213) 897-2802
8
   Attorney for Plaintiffs
9  California Department of Toxic Substances Control
   and Hazardous Substance Account
10
                  IN THE UNITED STATES DISTRICT COURT
11
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
12

13 | STATE OF CALIFORNIA DEPARTMENT | Case No.: CV04-2145 DSF (VBKx)
14 | OF TOXIC SUBSTANCES CONTROL, et al., |
15 |                                      | **CONSENT DECREE BETWEEN PLAINTIFFS AND**
                              Plaintiffs,  | **DEFENDANTS W. DANIEL ISAACSON AND DONNA ISAACSON**
16 |
17 |         v.
18 |
19 | W. DANIEL ISAACSON, et al.,
20 |                              Defendants.
21 |
   | AND RELATED CLAIMS.
22 |
23
24
25
26
27
28

                                  1.

**INTRODUCTION**

1.    Plaintiffs the State of California Department of Toxic Substances Control and the Hazardous Substances Account ("Plaintiffs") have filed a complaint in this matter pursuant to section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. section 9601 et seq. ("CERCLA"), against several parties, including defendant W. Daniel Isaacson  and defendant Donna Isaacson (collectively "the Isaacsons").  Plaintiffs' complaint seeks the recovery of costs incurred or to be incurred by Plaintiffs in responding to releases and/or threatened releases of hazardous substances at or from the property located at 617 East 56th Street, Los Angeles, California 90011 ("Hard Chrome Property").   The complaint also seeks declaratory relief under CERCLA section 113(g)(2), alleging that the Isaacsons are jointly and severally liable for future response costs to be incurred by Plaintiffs to address the extent of releases of hazardous substances at and from the Hard Chrome Property ("Hard Chrome Site" or "Site").

2.   The Isaacsons filed counterclaims against Plaintiffs asserting causes of action for cost recovery under CERCLA sections 107 and 113, contribution under California Health and Safety Code section 25363, damages under common law theories of negligence, equitable contribution, equitable indemnity, and declaratory relief.

3.    Plaintiff State of California Department of Toxic Substances Control ("DTSC") is the California state agency with primary jurisdiction over the actions taken in response to the release and threatened release of hazardous substances at the Site.

4.    Plaintiffs' complaint alleges, in relevant part, that:

a.   The Isaacsons owned and/or operated the Hard Chrome Property from approximately 1977 to the present.

CV04-2145 DSF (VBKx)

b.    The Isaacsons  were owners and/or operators of the Hard Chrome Property at the time hazardous substances were released into the environment at or from the Hard Chrome Property, including into the soil and groundwater.

c.    DTSC began to investigate the release and threatened release of hazardous substances at the Hard Chrome Site in 1992.  Investigation of the Site by DTSC as well as by consultants for various potentially responsible parties established that hazardous substances, including chromium, hexavalent chromium, trichloroethylene ("TCE"), perchloroethylene ("PCE") and lead, were present in the soil and/or groundwater at the Site.

d.    On or about March 7, 1997, DTSC issued an Imminent and Substantial Endangerment Determination and Remedial Action Order ("ISE Order") relating to the Site, ordering several potentially responsible parties, including the Isaacsons, to investigate and remediate the Site.

e.    The Isaacsons failed to complete the investigation and remediation of releases of hazardous substances at the Site as required by the ISE Order.

f.    Removal and remedial action was and is necessary to remove and remedy the hazardous substances released and threatened to be released at and from the Hard Chrome Property.

g.    DTSC has incurred, and will continue to incur, response costs conducting and overseeing activities in response to the release and/or threatened release of hazardous substances at the Site, including contamination of the soil and groundwater.  Those activities have included and will include: soil and groundwater sampling at the Site; interim remedial measures; preparation of the Remedial Investigation Report, the Feasibility Study Report and the draft and final Remedial Action Plan; remediation of the Site; and ongoing operation and maintenance of the Site.

3.

h.    Response Costs related to the Site continue to be incurred by Plaintiffs, and substantial Response Costs remain unpaid.

i.    The Isaacsons are jointly and severally liable under CERCLA for all of Plaintiffs' past and future Response Costs incurred at the Site.

5.    As of December 31, 2008, Plaintiffs' unreimbursed Response Costs incurred at the Site are in excess of $ 3.4 million.  Plaintiffs will continue to incur future Response Costs conducting or overseeing removal and/or remedial activities in response to the release and threatened release of hazardous substances at the Site.

6.    DTSC has reviewed the financial information submitted by the Isaacsons to determine whether the Isaacsons are financially able to pay response costs incurred and to be incurred at the Hard Chrome Site.  The Isaacsons affirm that the financial information provided to DTSC is true and correct.  In entering into this settlement, Plaintiffs have relied on the financial information provided by the Isaacsons.

7.    Plaintiffs and the Isaacsons ("the Parties") agree to settle this action without further litigation and without the admission or adjudication of any issue of fact or law.

8.    The Parties agree and this Court, by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation, and that this Consent Decree is fair, reasonable, and in the public interest.

**THEREFORE**, the Court, with the consent of the Parties to this Consent Decree, hereby **ORDERS, ADJUDGES, and DECREES**, as follows:

## I.  JURISDICTION

1.    The Court has subject matter jurisdiction over the matters alleged in this action pursuant to 28 U.S.C. section 1331 and 42 U.S.C. section 9613(b) and personal jurisdiction over each of the Parties.  Venue is appropriate in this district

CV04-2145 DSF (VBKx)

pursuant to 28 U.S.C. section 1391(b) and 42 U.S.C. section 9613(b).  The Court has the authority to enter this Consent Decree as an order of the Court.

## II.  PARTIES BOUND

2.     This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties, and their representatives, successors, heirs, legatees, and assigns.

## III.  SETTLEMENT OF DISPUTED CLAIMS

3.     This Consent Decree resolves the alleged liability of the Isaacsons under section 107 of CERCLA, 42 U.S.C. section 9607, in exchange for consideration including payments by Mr. Isaacson to reimburse a portion of Plaintiffs' response costs incurred and to be incurred at or in connection with the Site.

4.     By entering into this Consent Decree, the Parties resolve Plaintiffs' claims against the Isaacsons with respect to the releases and/or threatened releases of hazardous substances at the Site, including the groundwater.  The Parties also resolve the Isaacsons' counterclaims against the Plaintiffs.

5.     This Consent Decree represents a fair, reasonable and equitable settlement of  Plaintiffs' claims against the Isaacsons.

6.     This Consent Decree was negotiated and executed by Plaintiffs and the Isaacsons in good faith to avoid prolonged and expensive litigation, and without any admission or finding as to fault or liability for any purpose, and to further the public interest.

7.     Except as otherwise provided in the Isaacsons' Answer to Plaintiffs' complaint, the Isaacsons do not admit any of the allegations of the complaint. Nothing in this Consent Decree shall be construed as an admission of any issue of law or fact or of any violation of law.

8.     Except as otherwise provided in Plaintiffs' Reply to the Isaacsons' counterclaims, Plaintiffs do not admit any of the allegations of the counterclaims.

CV04-2145 DSF (VBKx)

Nothing in this Consent Decree shall be construed as an admission of any issue of law or fact or of any violation of law.

9.     Except as otherwise expressly provided in this Consent Decree, this Consent Decree shall not prejudice, waive, or impair any right, remedy or defense that the Isaacsons may have in any other or further legal proceeding.

10.     Except as otherwise expressly provided in this Consent Decree, the Parties consent to, and shall not challenge, entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

11.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among Plaintiffs and the Isaacsons.

12.     Except as otherwise expressly provided in this Consent Decree, each of the Parties to this Consent Decree will bear his, her or its own attorneys' fees and litigation costs.

## IV.  DEFINITIONS

13.     Unless otherwise expressly provided herein, all terms used in this Consent Decree that are defined in CERCLA or in the regulations promulgated under CERCLA, shall have the meaning assigned to them in the statute or regulations.

14.   "DTSC" shall mean the State of California Department of Toxic Substances Control, and its predecessors and successors.

15.   "The Isaacsons" shall mean Defendants W. Daniel Isaacson and Donna Isaacson.

16.   "Interest" shall mean interest at the rate specified for interest on investments of the Hazardous Substance Account pursuant to Health and Safety Code section 25360.1.  The applicable rate of Interest shall be the rate in effect at the time the Interest accrues.

CV04-2145 DSF (VBKx)

17.   The "Hard Chrome Property" shall mean the property located at 617 East 56th Street, Los Angeles, California 90011, including Lots 69 and 70 (Assessor's Parcel Nos. 5103-012-020 and 5103-012-021), Tract No. 5144, in the City of Los Angeles, as per the tract map recorded in Book 54, Page 91 of the Maps in the office of the Los Angeles County Recorder.  An assessor's parcel map of the property is attached hereto as Exhibit 1.

18.   The "Hard Chrome Site" or "Site," shall refer to the extent of the releases of hazardous substances at or from the Hard Chrome Property, including those hazardous substances in the soil and groundwater.

19.   "Parties" shall mean Plaintiffs, W. Daniel Isaacson and Donna Isaacson.

20.   "Plaintiffs" shall mean the State of California Department of Toxic Substances Control and the Hazardous Substance Account.

21.   "Response Costs" shall mean all costs of "removal", "remedial action" or "response" (as those terms are defined by section 101 of CERCLA, 42 U.S.C. section 9601), incurred or to be incurred by Plaintiffs in response to the release or threatened release of hazardous substances at the Site, including in the soils and groundwater.  Said term shall include, but not be limited to, direct labor costs; contractor, consultant and expert costs; travel and any other out-of-pocket expenses; the costs of implementing and enforcing institutional controls and environmental restrictive covenants; the costs of identifying, developing evidence against, and pursuing claims against persons or entities liable for the release or threatened release of hazardous substances at the Site; indirect costs; oversight costs; applicable interest charges; and attorneys' fees.

## V.  THE ISAACSONS' SETTLEMENT OBLIGATIONS

22.   The obligations of the Isaacsons under this Consent Decree are joint and several, except as otherwise provided in this Consent Decree.

CV04-2145 DSF (VBKx)

23.   <u>Payments.</u>   Mr. Isaacson shall pay to Plaintiffs the sum of one hundred and fifty thousand dollars ($150,000), to be made in monthly installment payments of $2,000 or more each month, with the first payment due on the 1st day of the month following the Effective Date of the Consent Decree, with subsequent payments due on the 1st day of each month, and the final payment due no later than six (6) years after the Effective Date of the Consent Decree.

24.   <u>Failure to Pay</u>.   In the event that Mr. Isaacson fails to make any payment required by paragraph 23 (Payments) above when due, or within a thirty (30) day grace period after the due date for the payment, then Mr. Isaacson shall immediately pay the entire unpaid balance of $150,000 to Plaintiffs, with Interest accruing from the due date of the first missed payment until the full remaining balance is paid.  This paragraph does not limit or waive any other remedies available to Plaintiffs by virtue of Mr. Isaacson's failure to comply with the requirements of this Consent Decree.

25.   The payments shall be made by personal check, certified check, cashier's check or money order made payable to Cashier, California Department of Toxic Substances Control, and shall bear on its face both the docket number of this proceeding and the phrase "Site Code 300457."  In the event that a personal check is returned for insufficient funds, all subsequent payments shall be made by cashier's check, certified check, or money order.   The payments shall be sent to:

> Department of Toxic Substances Control
> Accounting/Cashier
> 1001 I Street
> P.O. Box 806
> Sacramento, CA  95812-0806

A copy of the checks shall be mailed to:

> Tedd Yargeau, Project Manager
> Site Mitigation Cleanup Operations Branch
> Southern California Region
> California Department of Toxic Substances Control
> 9211 Oakdale Avenue
> Chatsworth, CA 91311-6505

8.

26.     <u>Extension Requests</u>:  If, as a result of injury or forced separation from employment, Mr. Isaacson is unable to make payments within the time required under paragraph 24 of this Consent Decree, Mr. Isaacson may, prior to expiration of the time for the payments, request an extension of time in writing to DTSC. The extension request shall include a justification for the delay.

27.     <u>Extension Approvals:</u>  If DTSC determines that good cause exists for an extension, it shall grant the request for a reasonable extension of time to comply with the Consent Decree requirements.  DTSC has discretion to deny the request if it determines that there is no good cause for the extension.  Good cause for the extension shall be based on a showing that the extension of time is necessary, because Mr. Isaacson is unable, through no fault of his own, to make timely payments as required by the Consent Decree.  Circumstances that may indicate good cause include involuntary unemployment because of discharge, layoff, or disability.

28.     <u>Judicial Review</u>:  Within thirty (30) days of receipt of DTSC's written decision denying Mr. Isaacson's extension request, Mr. Isaacson may apply to the Court for review of DTSC's decision.  Mr. Isaacson shall have the burden of demonstrating that DTSC's decision is arbitrary and capricious or otherwise not in accordance with law.

29.     <u>Dismissal of Counterclaims.</u>  Within fifteen (15) days of the Effective Date of this Consent Decree, the Isaacsons shall file with the Court a Request for Dismissal with prejudice of the Isaacsons' Counterclaims against Plaintiffs in this action.

30.     <u>Access and Institutional Controls.</u>   Commencing on the date of lodging of this Consent Decree, the Isaacsons shall provide DTSC and its representatives with access to the Hard Chrome Property, for the purpose of conducting any response activity relating to the Site.

CV04-2145 DSF (VBKx)

31.   The Isaacsons shall refrain from using the Hard Chrome Property in any manner that would interfere with or adversely affect the implementation, integrity, or protectiveness of the response actions, including removal or remedial measures, to be performed at the Hard Chrome Property.

32.   <u>Environmental Restrictive Covenant.</u>  Within thirty (30) days of a written request by DTSC to record an Environmental Restrictive Covenant, the Isaacsons shall execute and record in the Recorder's Office of Los Angeles County, State of California, an Environmental Restrictive Covenant approved by DTSC, running with the land, that grants a right of access to DTSC and its representatives for the purpose of conducting response activities at the Hard Chrome Property, and grants DTSC and its representatives the right to enforce use restrictions that DTSC determines are necessary to implement, ensure non-interference with, or ensure the protectiveness of the removal or remedial measures to be performed at the Site.  The Isaacson shall provide DTSC with a certified copy of the recorded Environmental Restrictive Covenant within ten days of recording such document.

33.   <u>Lien on the Hard Chrome Property</u>.  Upon the Effective Date of this Consent Decree, a lien in favor of DTSC shall arise and attach on the Hard Chrome Property for all past response costs incurred by DTSC relating to the Hard Chrome Property.  Within fifteen (15) days of the Effective Date of the Consent Decree, the Isaacsons shall execute and the Isaacsons shall record in the Recorder's Office of Los Angeles County, a lien on the Hard Chrome Property in the amount of $3.4 million, to secure payment of DTSC's unrecovered response costs incurred at the Hard Chrome Property as of December 31, 2008.  The lien to be recorded by the Isaacsons shall be approved by DTSC before recording.  The lien shall be enforceable under the laws of the State of California.  The Isaacson shall provide DTSC with a certified copy of the recorded document within ten days of recording such lien.

10.

34.    The Department may amend the lien or record another lien in order to capture additional response costs incurred subsequent to the period covered by the initial recorded lien.  The lien(s) created pursuant to the Consent Decree shall have the same force and effect as, and the priority of a judgment lien.

35.    The Isaacsons agree that prior to recording a lien as required by paragraph 33, the Isaacsons shall not record or consent to other encumbrances on the Hard Chrome Property.

36.    Nothing in this Consent Decree shall prevent DTSC from recording a lien on the Hard Chrome Property as permitted by law.

## VI.  ACCESS TO INFORMATION

37.    <u>Availability of Documents</u>.    The Isaacsons represent that they do not have documents in their possession or control relating to: a) the ownership, operation or control of the Hard Chrome Property; b) the ownership, generation, treatment, transportation or disposal of hazardous substances in connection with the Hard Chrome Property; c) releases and/or threatened releases of hazardous substances at the Site, including the soils and groundwater; or d) removal, remedial or response actions at the Site.

38.    If the Isaacsons subsequently discover that they have in their possession or control any documents referenced in paragraph 37 of this Consent Decree, the Isaacsons shall notify the Plaintiffs in writing.  The Isaacsons agree that, unless they receive prior written consent from Plaintiffs to dispose of the records, documents or other information, neither they nor their agents will alter, mutilate, discard, destroy or otherwise dispose of records, documents or other information referred to in paragraph 37.  In the event that the Isaacsons intend to dispose of documents or information referred to in paragraph 37 of this Consent Decree, the Isaacsons will provide such documents or information to Plaintiffs.

11.

39.   <u>Confidential and Privileged Documents.</u>   The Isaacsons may assert confidentiality claims covering part or all of the documents or information submitted to Plaintiffs under this Consent Decree to the extent permitted by and in accordance with California Health and Safety Code section 25358.2.  Documents or information determined to be confidential by Plaintiffs will be afforded the protection specified in California Health and Safety Code section 25358.2.  The Isaacsons may also assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.   If the Isaacsons asserts such a privilege in lieu of providing documents, the Isaacsons shall provide Plaintiffs with description of the document withheld and basis for asserting such privilege.

## VII.  COVENANT NOT TO SUE BY PLAINTIFFS

40.   In consideration of the actions that will be performed by the Isaacsons and the payments that will be made by Mr. Isaacson under the terms of this Consent Decree, and except as expressly provided in Section VIII (Reservation of Rights) of this Consent Decree, Plaintiffs covenant not to sue the Isaacsons pursuant to CERCLA, the California Hazardous Substances Account Act ("HSAA"), California Health and Safety Code section 25300 et seq., or any other statute, regulation, or common law theory to: (1) recover Plaintiffs' Response Costs; or (2) require response actions, including removal or remedial actions in response to the release or threatened release of hazardous substances at the Site, including the soils and groundwater.  This covenant not to sue is conditioned upon the complete and satisfactory performance by the Isaacsons of all of their obligations under this Consent Decree.

12.

CV04-2145 DSF (VBKx)

## VIII.  RESERVATION OF RIGHTS

41.    The covenant not to sue set forth in Section VII of this Consent Decree does not pertain to any matters other than those expressly specified therein. Plaintiffs reserve, and this Consent Decree is without prejudice to, all rights, claims, and causes of action Plaintiffs may have against the Isaacsons with respect to all other matters.  This covenant not to sue extends only to the Isaacsons and does not extend to any other person.

42.    Except as expressly provided in this Consent Decree, nothing in the Consent Decree is intended or shall be construed to preclude Plaintiffs from exercising their authority under any law, statute or regulation.  Furthermore, except as expressly provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall be construed, to preclude any state agency, department, board or entity, other than Plaintiffs, or any federal or local agency, department, board or entity, from exercising its authority under any law, statute or regulation.

43.    Notwithstanding any other provision in the Consent Decree, Plaintiffs reserve the right to institute proceedings in this action or in a new action, seeking to compel the Isaacsons, or either of them, to perform additional response activities at the Site and/or to reimburse Plaintiffs for additional Response Costs, if:

(a)    information previously unknown to DTSC is received after the entry of the Consent Decree, and this information indicates that the information provided by the Isaacsons regarding their involvement in the Site or their financial condition is false or, in a material respect, inaccurate;

(b)    conditions previously unknown to Plaintiffs, for which the Isaacsons, or either of them, are liable under any statute or law, are discovered at the Site after the entry of the Consent Decree,

13.

CV04-2145 DSF (VBKx)

and these previously unknown conditions indicate that a hazardous substance has been or is being released into the environment;

(c)     the Isaacsons, or either of them, or their agents, successors, representatives, heirs or assigns fail to comply with the Isaacson's obligations under the Consent Decree; or

(d)     the Isaacsons, or either of them, are subject to criminal liability as to matters relating to the Site.

## IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANTS

44.     The Isaacsons covenant not to sue, and agree not to assert any claims or causes of action against Plaintiffs, or their contractors or employees, that arise out of the transaction or occurrence that is the subject matter of Plaintiffs' complaint or the Isaacsons' counterclaims, or for any injuries, losses, costs, or damages caused or incurred as a result of the performance of the requirements of this Consent Decree.

## X.  CONTRIBUTION PROTECTION

45.     As of the Effective Date of this Consent Decree, and provided that the Isaacsons performs all of their obligations under this Consent Decree, the Isaacsons shall be entitled to protection against all claims for contribution, pursuant to section 113(f)(2) of CERCLA, 42 U.S.C. section 9613(f)(2), for "Matters Addressed" by this Consent Decree, to the fullest extent permitted by law.  The "Matters Addressed" by this Consent Decree are the response actions taken or to be taken by Plaintiffs or any other person or entity, in response to the release or threatened release of hazardous substances at the Site, including the soil and groundwater, and all Response Costs incurred or to be incurred by Plaintiffs

14.

or any other person or entity, in response to the release or threatened release of hazardous substances at the Site, including hazardous substances in the soil and groundwater.

46.    This Consent Decree shall, to the fullest extent permitted by law, prevent the Isaacsons from being held liable to any third person or entity not a party to this Consent Decree for any claims for contribution (without regard to how the claim for contribution is described or denominated), indemnity or the like, asserted under any federal, state, or common law, arising out of or related to any response, cleanup, removal, or remedial actions or costs, which such third persons or entities have taken, incurred, or defrayed  or may take, incur, or defray at any time in response to the release or threatened release of hazardous substances at the Site, including contamination in the soil and groundwater.

47.    Except as otherwise specifically provided, nothing in this Consent Decree is intended, or shall be construed, to waive, release or otherwise affect any right, claim, or cause of action held by Plaintiffs or the Isaacsons against, or to provide a covenant not to sue to, any third person or entity not a party to this Consent Decree, or to in any way limit, restrict, or impair the right of Plaintiffs or the Isaacsons to assert rights, claims, causes of actions and defenses against any third person or entity not a party to this Consent Decree, including, without limitation, the right to seek payment, reimbursement, contribution, or indemnity from such persons or entities for obligations incurred or to be incurred under this Consent Decree.  The Parties specifically reserve any rights, claims, or causes of action they might have against any third person or entity not a party to this Consent Decree.

## XI.  NOTIFICATION

48.    Notification to or communication among the Parties as required or provided for in this Consent Decree, except as provided by Paragraph 25 of this

CV04-2145 DSF (VBKx)

Consent Decree, shall be addressed as follows:

For Plaintiffs:

> Tedd Yargeau, Project Manager
> Site Mitigation Cleanup Operations Branch
> Southern California Region
> California Department of Toxic Substances Control
> 9211 Oakdale Avenue
> Chatsworth, CA 91311-6505

For Defendants W. Daniel Isaacson and Donna Isaacson:

> William Warden, Esq.
> URTNOWSKI & ASSOCIATES, P.C.
> 18J301 Von Karman Avenue, Suite 200
> Irvine, CA 92612

## XII. <u>GENERAL TERMS</u>

49.    <u>Modification of Consent Decree.</u>  This Consent Decree may be modified only upon the written approval of the Parties and the Court.

50.    <u>Integration</u>.  This Consent Decree, including the exhibits incorporated herein by reference, constitutes the entire agreement among the Parties and may not be amended or supplemented except as provided for in this Consent Decree.

51.    <u>Lodging/Public Comment</u>.  This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  Plaintiffs shall file with the Court any written comments received and Plaintiffs' responses thereto.  Plaintiffs reserve the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper or inadequate.  The Isaacsons consent to entry of this Consent Decree without further notice.

52.    <u>Retention of Jurisdiction.</u>  The Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Consent Decree until the requirements of this Consent Decree have been fully satisfied.

CV04-2145 DSF (VBKx)

1    53.    Effective Date.  The effective date of this Consent Decree shall be the

2   date of entry of this Consent Decree by this Court.

3    54.    Counterparts.  This Consent Decree may be executed in two or more

4   counterparts, each of which shall be deemed an original, but all of which together

5   shall constitute one and the same instrument.

6    55.    Signatories.  Each signatory to this Consent Decree certifies that he or

7   she is fully authorized by the Party he or she represents to enter into this Consent

8   Decree, to execute it on behalf of the Party represented and legally to bind that

9   Party.

10   ### XIII.  APPROVALS OF PARTIES

11   Plaintiffs consent to this Consent Decree by their duly authorized

12   representative as follows:

13

14                            STATE OF CALIFORNIA DEPARTMENT
                              OF TOXIC SUBSTANCES CONTROL and
15                            HAZARDOUS SUBSTANCE ACCOUNT

16   Dated: 4/27/09            By: _____
                              Rita Kamat, Unit Chief
17                            Site Mitigation Cleanup Operations Branch
                              Southern California Region
18                            California Department of
                              Toxic Substances Control
19

20   W. Daniel Isaacson consents to this Consent Decree as follows:

21

22

23   Dated: _____    By: _____
                                   W. DANIEL ISAACSON
24

25

26

27

28

                                17.

53. <u>Effective Date.</u> The effective date of this Consent Decree shall be the date of entry of this Consent Decree by this Court.

54. <u>Counterparts.</u> This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

55. <u>Signatories.</u> Each signatory to this Consent Decree certifies that he or she is fully authorized by the Party he or she represents to enter into this Consent Decree, to execute it on behalf of the Party represented and legally to bind that Party.

## XIII.  APPROVALS OF PARTIES

Plaintiffs consent to this Consent Decree by their duly authorized representative as follows:

STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and HAZARDOUS SUBSTANCE ACCOUNT

Dated: _____       By: _____
                                 Rita Kamat, Unit Chief
                                 Site Mitigation Cleanup Operations Branch
                                 Southern California Region
                                 California Department of
                                 Toxic Substances Control

W. Daniel Isaacson consents to this Consent Decree as follows:

Dated: _4-17-09_       By: _____
                            W. DANIEL ISAACSON

CV04-2145 DSF (VBKx)

Donna Isaacson consents to this Consent Decree as follows:

Dated: 4-17-09      By: _Donna Isaacson_
                                       DONNA ISAACSON

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dale S. Fischer

Dated: 8/7/09

                           HON. DALE S. FISCHER
                      UNITED STATES DISTRICT JUDGE

18.

CV04-2145 DSF (VBKx)

# Exhibit 1

TRACT NO. 5144
M.B.54 - 91