EDMUND G. BROWN JR
    Attorney General
    of the State of California
J. MATTHEW RODRIQUEZ
    Chief Assistant Attorney General
KEN ALEX
    Senior Assistant Attorney General
SARAH E. MORRISON (State Bar No. 143459)
OLIVIA W. KARLIN (State Bar No. 150432)
    Deputy Attorneys General
300 S. Spring Street, Ste. 1702
Los Angeles, CA 90013
Telephone: (213) 897-2640
Fax: (213) 897-2802

Attorney for Plaintiffs
California Department of Toxic Substances Control
and Hazardous Substance Account

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al.,<br><br>                                   Plaintiffs,<br><br>        v.<br><br><br>W. DANIEL ISAACSON, et al.,<br><br>                                   Defendants. | Case No.: CV04-2145 DSF (VBKx)<br><br>**[PROPOSED] CONSENT DECREE BETWEEN PLAINTIFFS AND DEFENDANTS MALCOLM FIELD AND ABBY FIELD** |
| AND RELATED CLAIMS. | |

1.

**INTRODUCTION**

1.      Plaintiffs the State of California Department of Toxic Substances Control and the Hazardous Substances Account ("Plaintiffs") have filed a complaint in this matter pursuant to section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. section 9601 et seq. ("CERCLA"), against several parties, including defendant Malcolm Field ("Mr. Field").  Plaintiffs' complaint seeks the recovery of costs incurred or to be incurred by Plaintiffs in responding to releases and/or threatened releases of hazardous substances at or from the property located at 617 East 56th Street, Los Angeles, California 90011 ("Hard Chrome Property").  The complaint also seeks declaratory relief under CERCLA section 113(g)(2), alleging that the defendants are jointly and severally liable for future response costs to be incurred by Plaintiffs to address the extent of releases of hazardous substances at or from the Hard Chrome Property ("Site").

2.  Mr. Field filed counterclaims against Plaintiffs asserting causes of action for cost recovery under CERCLA sections 107 and 113, contribution under Cal. Health and Safety Code section 25363, damages under common law theories of negligence, equitable contribution, equitable indemnity, and declaratory relief.

3.   Plaintiffs have concurrently filed a stipulation seeking leave to amend the complaint to add Abby Field ("Mrs. Field") as a defendant in this action, and Plaintiffs have lodged an amended complaint.  If the Court does not allow Plaintiffs to amend the complaint, then the obligations and benefits of this Consent Decree do not apply to Mrs. Field.

4.   Plaintiff State of California Department of Toxic Substances Control ("DTSC") is the California state agency with primary jurisdiction over the actions taken in response to the release and threatened release of hazardous substances at the Site.

CV04-2145 DSF (VBKx)

5.   Plaintiffs' complaint alleges, in relevant part, that:

a.   Mr. Field owned and/or operated a chrome plating business on the Hard Chrome Property from approximately 1973 to 1977.

b.   Mr. Field was an owner and/or operator of the Hard Chrome Property at the time hazardous substances were released into the environment at or from the Hard Chrome Property, including into the soil and groundwater.

c.   DTSC began to investigate the release and threatened release of hazardous substances at the Site in 1992.  Investigation of the Site by DTSC as well as by consultants for various potentially responsible parties established that hazardous substances, including chromium, hexavalent chromium, trichloroethylene ("TCE"), perchloroethylene ("PCE") and lead, were present in the soil and/or groundwater at the Site.

d.   On or about March 7, 1997, DTSC issued an Imminent and Substantial Endangerment Determination and Remedial Action Order ("ISE Order") relating to the Site, ordering several potentially responsible parties, including Mr. Field, to investigate and remediate the Site.

e.   Mr. Field failed to complete the investigation and remediation of releases of hazardous substances at the Site as required by the ISE Order.

f.   Removal and remedial action was and is necessary to remove and remedy the hazardous substances released and threatened to be released at and from the Hard Chrome Property.

g.   DTSC has incurred, and will continue to incur, response costs conducting and overseeing activities in response to the release and/or threatened release of hazardous substances at the Site, including contamination of the soil and groundwater.  Those activities have included and will include: soil and groundwater sampling at the Site; interim remedial measures; preparation of the Remedial Investigation Report, the

3.

Feasibility Study Report and the draft and final Remedial Action Plan; remediation of the Site; and ongoing operation and maintenance of the Site.

h.    Response Costs related to the Site continue to be incurred by Plaintiffs, and substantial Response Costs remain unpaid.

i.    Mr. Field is jointly and severally liable under CERCLA for all of Plaintiffs' past and future Response Costs incurred at the Site.

6.    As of December 31, 2008, Plaintiffs' unreimbursed Response Costs incurred at the Site are in excess of $ 3.4 million.  Plaintiffs will continue to incur future Response Costs conducting or overseeing removal and/or remedial activities in response to the release and threatened release of hazardous substances at the Site.

7.    Plaintiffs, Mr. Field, and Mrs. Field ("the Parties") agree to settle this action without further litigation and without the admission or adjudication of any issue of fact or law.

8.    The Parties agree and this Court, by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation, and that this Consent Decree is fair, reasonable, and in the public interest.

**THEREFORE**, the Court, with the consent of the Parties to this Consent Decree, hereby **ORDERS, ADJUDGES, and DECREES**, as follows:

## I.  JURISDICTION

1.    The Court has subject matter jurisdiction over the matters alleged in this action pursuant to 28 U.S.C. section 1331 and 42 U.S.C. section 9613(b) and personal jurisdiction over each of the Parties.  Venue is appropriate in this district pursuant to 28 U.S.C. section 1391(b) and 42 U.S.C. section 9613(b).  The Court has the authority to enter this Consent Decree as an order of the Court.

4.

## II.  PARTIES BOUND

2.    This Consent Decree shall apply to, be binding upon, and inure to the benefit of the Parties, and their representatives, successors, heirs, legatees, and assigns.

## III.  SETTLEMENT OF DISPUTED CLAIMS

3.    This Consent Decree resolves the alleged liability of Mr. Field and Mrs. Field ("the Fields") under section 107 of CERCLA, 42 U.S.C. section 9607, in exchange for payments by the Fields to reimburse a portion of Plaintiffs' response costs incurred and to be incurred at or in connection with the Site.

4.    By entering into this Consent Decree, the Parties resolve Plaintiffs' claims against the Fields with respect to the releases and/or threatened releases of hazardous substances at the Site, including the groundwater.  The Parties also resolve Mr. Field's counterclaims against the Plaintiffs.

5.    This Consent Decree represents a fair, reasonable and equitable settlement of  Plaintiffs' claims against the Fields.

6.    This Consent Decree was negotiated and executed by Plaintiffs and the Fields in good faith to avoid prolonged and expensive litigation, and without any admission or finding as to fault or liability for any purpose, and to further the public interest.

7.    Except as otherwise provided in Mr. Field's Answer to Plaintiffs' complaint, the Fields do not admit any of the allegations of the complaint. Nothing in this Consent Decree shall be construed as an admission of any issue of law or fact or of any violation of law.

8.    Except as otherwise provided in Plaintiffs' Reply to Mr. Field's counterclaims, Plaintiffs do not admit any of the allegations of the counterclaims. Nothing in this Consent Decree shall be construed as an admission of any issue of law or fact or of any violation of law.

CV04-2145 DSF (VBKx)

9.     Except as otherwise expressly provided in this Consent Decree, this Consent Decree shall not prejudice, waive, or impair any right, remedy or defense that the Fields may have in any other or further legal proceeding.

10.     Except as otherwise expressly provided in this Consent Decree, the Parties consent to, and shall not challenge, entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

11.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among Plaintiffs and the Fields.

12.     Each of the Parties to this Consent Decree will bear his, her or its own attorneys' fees and litigation costs.

## IV.  DEFINITIONS

13.     Unless otherwise expressly provided herein, all terms used in this Consent Decree that are defined in CERCLA or in the regulations promulgated under CERCLA, shall have the meaning assigned to them in the statute or regulations.

14.     "DTSC" shall mean the State of California Department of Toxic Substances Control, and its predecessors and successors.

15.     "The Fields" shall mean Defendants Malcolm Field and Abby Field.

16.     The "Hard Chrome Property" shall mean the property located at 617 East 56th Street, Los Angeles, California 90011, including Lots 69 and 70 (Assessor's Parcel Nos. 5103-012-020 and 5103-012-021), Tract No. 5144, in the City of Los Angeles, as per the tract map recorded in Book 54, Page 91 of the Maps in the office of the Los Angeles County Recorder.  An assessor's parcel map of the property is attached hereto as Exhibit 1.

17.     The "Hard Chrome Site" or "Site," shall refer to the extent of the releases of hazardous substances at or from the Hard Chrome Property, including those hazardous substances in the soil and groundwater.

6.

18.    "Parties" shall mean Plaintiffs, Malcolm Field and Abby Field.

19.    "Plaintiffs" shall mean the State of California Department of Toxic Substances Control and the Hazardous Substance Account.

20.    "Response Costs" shall mean all costs of "removal", "remedial action" or "response" (as those terms are defined by section 101 of CERCLA, 42 U.S.C. section 9601), incurred or to be incurred by Plaintiffs in response to the release or threatened release of hazardous substances at the Site, including in the soils and groundwater.  Said term shall include, but not be limited to, direct labor costs; contractor, consultant and expert costs; travel and any other out-of-pocket expenses; the costs of identifying, developing evidence against, and pursuing claims against persons or entities liable for the release or threatened release of hazardous substances at the Site; indirect costs; oversight costs; applicable interest charges; and attorneys' fees.

## V.  FIELDS' SETTLEMENT OBLIGATIONS

21.    The obligations of Malcolm Field and Abby Field under this Consent Decree are joint and several.

22.    Payment.   The Fields shall pay to Plaintiffs the sum of one hundred and fifty thousand dollars ($150,000).  The payment shall be due within thirty (30) days of the Effective Date of the Consent Decree.

23.    The payment shall be made by certified or cashier's check made payable to Cashier, California Department of Toxic Substances Control, and shall bear on its face both the docket number of this proceeding and the phrase "Site Code 300457."  That payment shall be sent to:

> Department of Toxic Substances Control
> Accounting/Cashier
> 1001 I Street
> P.O. Box 806
> Sacramento, CA  95812-0806

CV04-2145 DSF (VBKx)

A copy of the check shall be mailed to:

> Tedd Yargeau, Project Manager
> Site Mitigation Cleanup Operations Branch
> Southern California Region
> California Department of Toxic Substances Control
> 9211 Oakdale Avenue
> Chatsworth, CA 91311-6505

24.    Dismissal of Counterclaims.  Within fifteen (15) days of the Effective Date of this Consent Decree, Mr. Field shall file with the Court a Request for Dismissal with prejudice of Mr. Field's Counterclaims against Plaintiffs in this action.

## VI.  ACCESS TO INFORMATION

25.    Availability of Documents.    The Fields shall provide to Plaintiffs, upon request, copies of all records, documents and information within his possession or control or that of his agents relating to:  a) the ownership, operation or control of the Hard Chrome Property; b) the ownership, generation, treatment, transportation or disposal of hazardous substances in connection with the Hard Chrome Property; c) releases and/or threatened releases of hazardous substances at the Site, including the soils and groundwater; or d) removal, remedial or response actions at the Site.

26.    The Fields agree that, unless they receive prior written consent from Plaintiffs to dispose of the records, documents or other information, neither they nor their agents will alter, mutilate, discard, destroy or otherwise dispose of records, documents or other information referred to in paragraph 25 of this Consent Decree.   In the event that the Fields intend to dispose of documents or information referred to in paragraph 25 of this Consent Decree, the Fields will provide such documents or information to Plaintiffs.

27.    Confidential and Privileged Documents.   The Fields may assert confidentiality claims covering part or all of the documents or information

submitted to Plaintiffs under this Consent Decree to the extent permitted by and in accordance with California Health and Safety Code section 25358.2.  Documents or information determined to be confidential by Plaintiffs will be afforded the protection specified in California Health and Safety Code section 25358.2.  The Fields may also assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.   If the Fields asserts such a privilege in lieu of providing documents, the Fields shall provide Plaintiffs with description of the document withheld and basis for asserting such privilege.

### VII.  COVENANT NOT TO SUE BY PLAINTIFFS

28.   In consideration of the actions that will be performed and the payment that will be made by the Fields under the terms of this Consent Decree, and except as expressly provided in Section VIII (Reservation of Rights) of this Consent Decree, Plaintiffs covenant not to sue the Fields pursuant to CERCLA, the California Hazardous Substances Account Act ("HSAA"), California Health and Safety Code section 25300 et seq., or any other statute, regulation, or common law theory to: (1) recover Plaintiffs' Response Costs; or (2) require response actions, including removal or remedial actions in response to the release or threatened release of hazardous substances at the Site, including the soils and groundwater. This covenant not to sue is conditioned upon the complete and satisfactory performance by the Fields of all of their obligations under this Consent Decree.

### VIII.  RESERVATION OF RIGHTS

29.   The covenant not to sue set forth in Section VII of this Consent Decree does not pertain to any matters other than those expressly specified therein. Plaintiffs reserve, and this Consent Decree is without prejudice to, all rights, claims, and causes of action Plaintiffs may have against the Fields with respect to

9.

all other matters.  This covenant not to sue extends only to the Fields and does not extend to any other person.

30.  Except as expressly provided in this Consent Decree, nothing in the Consent Decree is intended or shall be construed to preclude Plaintiffs from exercising their authority under any law, statute or regulation.  Furthermore, except as expressly provided in this Consent Decree, nothing in this Consent Decree is intended, nor shall be construed, to preclude any state agency, department, board or entity, other than Plaintiffs, or any federal or local agency, department, board or entity, from exercising its authority under any law, statute or regulation.

31.  Notwithstanding any other provision in the Consent Decree, Plaintiffs reserve the right to institute proceedings in this action or in a new action, seeking to compel the Fields, or either of them, to perform additional response activities at the Site and/or to reimburse Plaintiffs for additional Response Costs, if:

        (a)    information previously unknown to DTSC is received after the entry of the Consent Decree, and this information indicates that the information provided by the Fields regarding their involvement in the Site is false or, in a material respect, inaccurate;

        (b)    conditions previously unknown to Plaintiffs, for which the Fields, or either of them, are liable under any statute or law, are discovered at the Site after the entry of the Consent Decree, and these previously unknown conditions indicate that a hazardous substance has been or is being released into the environment;

        (c)    the Fields, or either of them, or their agents, successors, representatives, heirs or assigns fail to comply with the Fields' obligations under the Consent Decree; or

CV04-2145 DSF (VBKx)

(d)     the Fields, or either of them, are subject to criminal liability as
to matters relating to the Site.

### IX.  COVENANT NOT TO SUE BY SETTLING DEFENDANT

32.     The Fields covenant not to sue, and agree not to assert any claims or
causes of action against Plaintiffs, or their contractors or employees, that arise out
of the transaction or occurrence that is the subject matter of Plaintiffs' complaint or
Mr. Field's counterclaims, or for any injuries, losses, costs, or damages caused or
incurred as a result of the performance of the requirements of this Consent Decree.

### X.  CONTRIBUTION PROTECTION

33.     As of the Effective Date of this Consent Decree, and provided that the
Fields perform all of their obligations under this Consent Decree, the Fields shall
be entitled to protection against all claims for contribution, pursuant to section
113(f) of CERCLA, 42 U.S.C. section 9613(f), for "Matters Addressed" by this
Consent Decree, to the fullest extent permitted by law.  The "Matters Addressed"
by this Consent Decree are the response actions taken or to be taken by Plaintiffs
or any other person or entity, in response to the release or threatened release of
hazardous substances at the Site, including the soil and groundwater , and all
Response Costs incurred or to be incurred by Plaintiffs or any other person or
entity, in response to the release or threatened release of hazardous substances at
the Site, including hazardous substances in the soil and groundwater.

34.     This Consent Decree shall, to the fullest extent permitted by law,
prevent the Fields from being held liable to any third person or entity not a party to
this Consent Decree for any claims for contribution (without regard to how the
claim for contribution is described or denominated), indemnity or the like, asserted
under any federal, state, or common law, arising out of or related to any response,
cleanup, removal, or remedial actions or costs, which such third persons or entities

11.

1  have taken, incurred, or defrayed  or may take, incur, or defray at any time in

2  response to the release or threatened release of hazardous substances at the Site,

3  including contamination in the soil and groundwater.

4        35.   Except as otherwise specifically provided, nothing in this Consent

5  Decree is intended, or shall be construed, to waive, release or otherwise affect any

6  right, claim, or cause of action held by Plaintiffs or the Fields against, or to

7  provide a covenant not to sue to, any third person or entity not a party to this

8  Consent Decree, or to in any way limit, restrict, or impair the right of Plaintiffs or

9  the Fields to assert rights, claims, causes of actions and defenses against any third

10  person or entity not a party to this Consent Decree, including, without limitation,

11  the right to seek payment, reimbursement, contribution, or indemnity from such

12  persons or entities for obligations incurred or to be incurred under this Consent

13  Decree.  The Parties specifically reserve any rights, claims, or causes of action

14  they might have against any third person or entity not a party to this Consent

15  Decree.

16                     **XI.  NOTIFICATION**

17        36.   Notification to or communication among the Parties as required or

18  provided for in this Consent Decree, except as provided by Paragraph 23 of this

19  Consent Decree, shall be addressed as follows:

20      For Plaintiffs:

21           Tedd Yargeau, Project Manager
                Site Mitigation Cleanup Operations Branch
22           Southern California Region
                California Department of Toxic Substances Control
23           9211 Oakdale Avenue
                Chatsworth, CA 91311-6505
24

25      For Defendants Malcolm and Abby Field:

26           Patrick L Rendon, Esq.
                Lamb & Kawamkami LLP
27           333 South Grand Avenue, Ste. 4200
                Los Angeles, CA 90071
28           Email: prendon@lamb-kawakami.com

CV04-2145 DSF (VBKx)

# XII.  GENERAL TERMS

37.     Modification of Consent Decree.  This Consent Decree may be modified only upon the written approval of the Parties and the Court.

38.     Integration.  This Consent Decree, including the exhibits incorporated herein by reference, constitutes the entire agreement among the Parties and may not be amended or supplemented except as provided for in this Consent Decree.

39.     Lodging/Public Comment.  This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment.  Plaintiffs shall file with the Court any written comments received and Plaintiffs' responses thereto.  Plaintiffs reserve the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper or inadequate.  The Fields consent to entry of this Consent Decree without further notice.

40.     Retention of Jurisdiction.  The Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Consent Decree until the requirements of this Consent Decree have been fully satisfied.

41.     Effective Date.  The effective date of this Consent Decree shall be the date of entry of this Consent Decree by this Court.

42.     Counterparts.  This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

43.     Signatories.  Each signatory to this Consent Decree certifies that he or she is fully authorized by the Party he or she represents to enter into this Consent Decree, to execute it on behalf of the Party represented and legally to bind that Party.

//

//

CV04-2145 DSF (VBKx)

## XIII.  APPROVALS OF PARTIES

Plaintiffs consent to this Consent Decree by their duly authorized representative as follows:

STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and HAZARDOUS SUBSTANCE ACCOUNT

Dated: 1/29/09          By: _____

Rita Kamat, Unit Chief
Site Mitigation Cleanup Operations Branch
Southern California Region
California Department of
Toxic Substances Control

Malcolm Field consents to this Consent Decree as follows:

Dated: _____     By: _____
MALCOLM FIELD

Abby Field consents to this Consent Decree as follows:

Dated: _____     By: _____
ABBY FIELD

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: ____8/7/09____     _____
HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

14.

CV04-2145 DSF (VBKx)

# XIII.  APPROVALS OF PARTIES

Plaintiffs consent to this Consent Decree by their duly authorized representative as follows:

STATE OF CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and HAZARDOUS SUBSTANCE ACCOUNT

Dated: _____     By: _____
Rita Kamat, Unit Chief
Site Mitigation Cleanup Operations Branch
Southern California Region
California Department of
Toxic Substances Control

Malcolm Field consents to this Consent Decree as follows:

Dated: 1-21-09     By: _____
MALCOLM FIELD

Abby Field consents to this Consent Decree as follows:

Dated: 1/31/09     By: _____
ABBY FIELD

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

Dated: _____     _____
HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

14.

CV04-2145 DSF (VBKx)

# Exhibit 1

TRACT NO. 5144

M.B. 54 - 91